# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE<br>2706 Black Lake Place<br>Philadelphia, PA 19154 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE HEALTH & WELFARE FUND<br>2791 Southampton Road – Suite 1<br>Philadelphia, PA 19154 | : <br> : <br> : <br> : <br> : |
| | :     Case No. |
| and | : <br> : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE JOINT APPRENTICES & TRAINING FUND<br>2791 Southampton Road – Suite 1<br>Philadelphia, PA 19154 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE VACATION FUND<br>2791 Southampton Road – Suite 1<br>Philadelphia, PA 19154 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE ANNUITY FUND<br>2791 Southampton Road – Suite 1<br>Philadelphia, PA 19154 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE PENSION FUND | : <br> : <br> : |

1

2791 Southampton Road – Suite 1                              :
Philadelphia, PA 19154                                       :
                                                             :
and                                                          :
                                                             :
TRUSTEES OF BRICKLAYER & TROWEL                              :
TRADES INTERNATIONAL PENSION FUND                            :
620 F Street, N.W., Suite 700                                :
Washington, D.C.  20004                                      :
                                                             :
                          Plaintiffs                         :
                                                             :
              v.                                             :
                                                             :
WATERCONTROL SERVICES, INC.                                  :
1955 Huntington Road                                         :
Huntington Valley, PA 19006                                  :
                                                             :
and                                                          :
                                                             :
EDWARD CREEDON, Individually & As President &                :
Treasurer/Co-Chief Executive Officer of                      :
WATERCONTROL SERVICES, INC.                                  :
1955 Huntington Road                                         :
Huntington Valley, PA 19006                                  :
                                                             :
and                                                          :
                                                             :
FRANCIE CREEDON, Individually & As Secretary &               :
Treasurer/Co-Chief Executive Officer of                      :
WATERCONTROL SERVICES, INC.                                  :
1955 Huntington Road                                         :
Huntington Valley, PA 19006                                  :
                                                             :
                                                             :
                          Defendants.                        :

## COMPLAINT

## PARTIES

1.      Plaintiffs Bricklayers and Allied Craftworkers Local 1 of PA/DE ("BAC Local 1")

is a labor organization within the meaning of § 2(5) of the National Labor Relations Act, 29 U.S.C.

2

§ 152(5) and § 301(a) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185(a); and an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4), with its principal office at 2706 Black Lake Place, Philadelphia, PA 19154.

2.      Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Health and Welfare, Joint Apprentice and Training, Annuity, Vacation, and Pension Funds (collectively "Local Trust Funds"); and the Board of the Trustees of the Bricklayer and Trowel Trades International Pension Fund ("International Trust Fund") are multiemployer benefit plans as that term is defines in Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37). The Local Trust Funds and International Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust, and are provided for in the Collective Bargaining Agreement between the Bricklayers and Allied Craftworkers Local 1 of PA/DE and the Defendants. The Local Trust Funds are administered by the Trustees of the Local 1 Health & Welfare, Annuity and Vacation Funds, 2791 Southampton Road – Suite 1, Philadelphia, PA 19154; and the Trustees of the Local 1 of PA/DE Joint Apprentice and Training Fund, 2791 Southampton Road – Suite 1, Philadelphia, PA 19154; and the Trustees of Bricklayers and Allied Craftworkers Local 1 Pension Fund, 2791 Southampton Road – Suite 1, Philadelphia, PA 19154. The International Trust Fund is administered by the Trustees of the Bricklayer and Trowel Trades International Pension Fund, 620 F Street, N.W., Suite 700, Washington, D.C. 20004.

3.      Defendant Watercontrol Services, Inc. ("Watercontrol Services") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal places of business located at 1955 Huntington Road, Huntington Valley, Pennsylvania  19006. Watercontrol Services is an employer within the meaning of § 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2) and § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

Watercontrol Services is also an employer within the meaning of § 3(5) of ERISA 29 U.S.C. § 1002(5) and within the meaning of § 515 of ERISA, 29 U.S.C. § 1145.

4.      Defendant Edward Creedon is an adult citizen residing in the Commonwealth of Pennsylvania. This Complaint is brought against Edward Creedon in his individual capacity as well as in his capacity as President, Treasurer and Co-Executive.  Upon information and belief, it is alleged that Edward Creedon exercises control and discretion over the payroll of Watercontrol Services Inc., including any and all decisions regarding the collection and disbursement of any payroll deductions required under the collective bargaining agreement ("CBA"), Trust Documents, or as authorized by the employees of Watercontrol.  As such, Edward Creedon is a fiduciary to the BAC Local 1, Local Benefit Funds, and International Funds as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

5.      Defendant Francie Creedon is an adult citizen residing in the Commonwealth of Pennsylvania. This Complaint is brought against Francie Creedon in her individual capacity as well as in her capacity as Treasurer and Co-Executive.  Upon information and belief, Francie Creedon exercises control and discretion over the payroll of Watercontrol Services Inc., including any and all decisions regarding the collection and disbursement of any payroll deductions required under the collective bargaining agreement ("CBA"), Trust Documents, or as authorized by the employees of Watercontrol.  As such, Francie Creedon is a fiduciary to the BAC Local 1, Local Benefit Funds, and International Funds as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

4

## JURISDICTION AND VENUE

6.      This Court has jurisdiction of this action under Sections 202, 502, and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§ 1104, 1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). This is an action to enforce Defendant's contractual obligation to submit benefit payments and dues deductions pursuant to its Collective Bargaining Agreement ("CBA"), and to enjoin the  violations of the terms of the Bricklayers and Allied Craftworkers Local 1 of PA/DE funds.

7.      Plaintiff also invokes the jurisdiction of the Court for its state law claims under §1367 of the U.S. Code, which provides a District Court with supplemental jurisdiction over all claims that form part of the same case or controversy over which the Court has original jurisdiction. 28 U.S.C. § 1367(a).

8.      Venue in the United States District Court for the Eastern District of Pennsylvania is proper pursuant to § 301(c) of the LMRA, 29 U.S.C. § 185(c), and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) since the Plaintiffs reside and maintain their administrative offices in the Eastern District of Pennsylvania.

## COUNT I

9.      Watercontrol Services, through its owner and officers of the business, Edward Creedon and Francie Creedon (collectively "the Creedons"), executed a Collective Bargaining Agreement with the BAC Local 1 establishing the terms and conditions of employment for the BAC Local 1 members employed by Watercontrol Services.

10.     Pursuant to its Collective Bargaining Agreement, Watercontrol Services agreed to pay

to BAC Local 1, the Local Benefit Funds and International Funds certain sums of money for each hour worked by all employees of Defendant covered by the Collective Bargaining Agreement.

11.     The Collective Bargaining Agreement provides that upon signing the Collective Bargaining Agreement:

> The Employer agrees to contribute to jointly administered benefit funds, as more fully set forth herein . . . and in each part of this Agreement applicable to a particular craft, such contributions as are required under this Agreement. Contributions shall be remitted and received at the applicable Fund office, along with Employer Contribution Reports, not later than the 15th day of the month following the month in which the work was performed. Contributions required under this Agreement shall become assets of each Fund as of the date on which they are due and the Employer agrees that such contributions are held in trust for the applicable Fund as of the date on which they are due.

12.     The Collective Bargaining Agreement further provides that when an employer fails to make its contributions on time:

> [T]he Employer shall be assessed and required to pay interest at the rate of 12% per annum plus liquidated damages in the amount of 10 % of the principal amount due. In the event that delinquent contributions are referred to an attorney for collection, the Employer shall also be assessed and required to pay all attorney's fees and costs of collection.

13.     Watercontrol Services employed certain employees covered by the Collective Bargaining Agreement from the period of April 1, 2016 through September 30, 2016.

14.     Through the Collective Bargaining Agreement, Watercontrol Services is also bound to the Agreements and Declarations of Trust (hereafter "Trust Agreements"), and the Statement of Policy for Collection of Delinquent Contributions (hereafter "Statement of Policy") of the BAC Local 1 and Local Funds.   The Trust Agreements provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the

6

Trustees on delinquencies.

15.     The Trust Agreements state that if an employer is delinquent on their contributions to the Benefits Plans may seek personal liability against the individual owner(s) or principal(s) of the company.  For example, the Health and Welfare Plan states that:

> In any action to recover, compel and enforce the payment of contributions as set forth in Section 7.2, the Trustees shall have the authority and right to seek personal liability against an owner, principal or officer of an Employer for breach of fiduciary duties with respect to the disposition of such contributions as assets of the Fund.

16.     The Statement of Policy adopted by the Local Funds' Trustees provides that interest and liquidated damages are assessed on delinquent contribution amounts.  Thus, the Statement of Policy establishes that:

> Interest owed by a delinquent employer shall be calculated from the Due Date for the delinquent Contributions, at the rate specified in the collective bargaining agreement.  If there is no such rate specified, the rate shall be 12% per annum of the principle amount due . . . Liquidated damages shall be calculated from the Due Date and shall become due and owing on the 20th day of the month in which the contributions are due.  The amount of the liquidated damages shall be a flat 10% of the delinquent contributions of $10.00, whichever is greater . . . Attorney's fees shall be assessed against a delinquent employer . . . [and] [a]ll costs actually incurred in court actions for collection of delinquent Contributions or to enforce the Trustee's [sic] right to audit the employer's payroll records shall be assessed against the delinquent employer, including, but not limited to, filing fees for service of process, transcript costs, copying charges, postage, and such other costs as would otherwise be charged to the Board of Trustees.

17.     On January 13, 2017, Plaintiffs filed a Complaint in Case Number 17-239 against the Defendants seeking pay for the delinquencies that the Funds auditor found due for the audit period from January 1, 2013 through December 31, 2014. On April 24, 2017, the Court issued a Default Judgment order for $306,126.82, which remains unsatisfied.

18.     This Complaint seeks payment of delinquencies benefit payments for the period of

April 1, 2016 through September 30, 2016, during which Watercontrol failed to remit a total of $139,941.16 in principal contributions, interest, and liquidated damages to BAC Local 1, the Local Benefit Funds and the International Benefit Funds.

19.     The BAC Local 1 Collective Bargaining Agreement, and the Agreements and Declarations of Trust establishing the Local Funds and the International Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay to the Local Funds interest at the rate of 12% per annum and liquidated damages of 10% of the principal amount due or late, and interest of 15% per annum and liquidated damages of 20% to the International Fund, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorney's fees, audit fees and court costs. Watercontrol Services is bound to the terms of the CBA and the Agreements and Declarations of Trust.

20.     Pursuant to the CBA and Statement of Policy, Watercontrol Services has been assessed $12,197.70 in interest and $12,642.04 in liquidated damages for its delinquent principal contributions to BAC Local 1, the Local Benefit Funds, and the International Benefit Funds.

21.     Pursuant to the Declarations of Trust, Edward Creedon and Francie Creedon are personally obligated to the BAC Local 1, Local Funds, and International Funds for interest and liquidated damages assessed on the delinquent contributions and interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment, and attorney's fees and costs.

**COUNT II**

22.     BAC Local 1 and the Local and International Funds hereby adopt, incorporate and

restate in Count II paragraphs 1 through 20 of Count I.

23.     This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145.  This is an action to collect delinquent contributions and deducted – but unpaid – dues and other voluntary employee deductions from fiduciaries of the employees of Watercontrol Services, Edward Creedon and Francie Creedon.

24.     The Defendants, Edward and Francie Creedon, determined the total amount of the employer's (Watercontrol Services, Inc., their own company) monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiffs' Funds on behalf of their employees. Defendants also deducted – but did not pay – dues plus other deductions from BAC-1 employees' paychecks. Defendants chose to use the deducted dues and the monies due the Plaintiffs' Funds for other purposes.  Thus, Defendants Edward Creedon and Francie Creedon exercised authority and control over benefit plan assets and are thus fiduciaries as defined by ERISA. 29 U.S.C. § 1002(21).

25.     As owners and officers of Watercontrol Services, Defendants Edward Creedon and Francie Creedon, voluntarily entered the collective bargaining agreement with the Bricklayers and Allied Craftworkers Local 1 of PA/DE.  As such, Defendants Edward Creedon and Francie Creedon intentionally directed deductions from employee paychecks and earned benefits belonging to the Plaintiffs' Funds, which they were obligated to forward to the Plaintiffs' Funds and BAC-1, as stipulated in the collective bargaining agreement, along with the employer portion of the monies due under the contract and the trust agreements for earned benefits.  Defendants Edward Creedon and Francie Creedon failed to direct Watercontrol Services to forward those funds to the Plaintiffs when they came due and owing as plan assets or forward the monies deducted from employees paychecks.

26.     Watercontrol Services executed a collective bargaining agreement with the

9

Bricklayers & Allied Craftworkers Local 1 of PA/DE.  Paragraph B.1 of Article 5 of this collective bargaining agreement provides the following: "Contributions required under this Agreement shall become assets of each Fund as of the date on which they are due and the Employer agrees that such contributions are held in trust for the applicable Fund as of the date on which they are due."

27.     Pursuant to Section 7.4 of Amendment 2 of the Agreement and Declaration of Trust under which Defendants are bound pursuant to the Collective Bargaining Agreement, personal liability may be sought against "an owner, principal, or officer of an Employer for breach of fiduciary duties with respect to the disposition of such contributions as assets of the Fund."

28.     Upon information and belief, Defendants Edward Creedon and Francie Creedon calculated the amounts owed in contributions using employees work hours and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those amounts to the Plaintiffs' Funds.  Upon information and belief, the benefit monies were deposited into Watercontrol Services' general accounts and used for their own compensation or other purposes than payment of the employees' benefit contributions.

29.     Upon information and belief, Defendants Edward Creedon and Francie Creedon knew that Watercontrol Services entered into the collective bargaining agreement with the BAC Local 1 and that contributions deducted directly from the employees' compensation or owed as the employer's benefit contributions obligation had to be forwarded monthly to the Plaintiffs.

30.     The contributions due the Plaintiffs' Funds were plan assets governed by ERISA.  29 C.F.R. §2510.3-102(a).

31.     Accordingly, Defendants Edward Creedon and Francie Creedon, are fiduciaries to the Plaintiffs' Funds based on the fact that they commingled plan assets and employee deductions with

Watercontrol Services' general assets and used those funds to pay other creditors.  Defendants exercised complete authority or control respecting disposition of plan assets.  Thus, Defendants Edward Creedon and Francie Creedon are fiduciaries under ERISA §3(21)(A) because they "exercised authority or control respecting disposition of plan assets." 29 U.S.C.A. §1002(21)(A).

32.     Defendants failed to remit voluntary payroll deductions and contributions to the Plaintiffs on behalf of their employees in a timely manner after they became due.

## COUNT III

### BREACH OF CONTRACT UNDER § 301 OF LMRA AND BREACH OF FIDUCIARY DUTIES UNDER ERISA AS AGAINST EDWARD CREEDON AND FRANCIE CREEDON IN THIER INDIVIDUAL CAPACITY

32.     Plaintiffs hereby incorporate by reference paragraphs 1 through 31 of this Complaint  as if fully set forth herein.

33.     This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145. This is an action to collect delinquent contributions from Edward Creedon and Francie Creedon, fiduciaries of their employees' unpaid benefit contributions.

34.     The Collective Bargaining Agreement between the Plaintiff Union and Watercontrol Services  requires fringe benefit contributions to the Plaintiff Funds to be paid for each hour worked for an  employee by the fifteenth (15th) day of the month after the month in which the work was performed.

35.     Defendants Edward Creedon and Francie Creedon determined if, and what, amount of Watercontrol Services'  monthly contributions to pay and retained a portion or all of the

employer's deductions and payment that should have been  sent to the Plaintiffs' Funds on behalf of their employees. Edward Creedon and Francie Creedon chose to use the monies due the  Plaintiffs' Funds for other purposes. Thus, they exercised authority and control over benefit plan  assets and are thus fiduciaries as defined by ERISA. 29 U.S.C. § 1002(21).

36.    At all relevant times herein, Defendant Edward Creedon served as the President, Treasurer and Co-Executive of  Watercontrol Services, and directed the corporation's financial operation and oversaw all other business activities of the corporation including, but not limited to, preparing, reviewing, authorizing  payment and submitting the monthly reports and contributions to the Plaintiff Trust Funds. In  this capacity, Defendant Edward Creedon exercised control over the disposition of money that became  a Plan asset immediately upon the performance of work by Defendant Watercontrol Services' employees.  Upon information and belief, Francie Creedon exercises control and discretion over the payroll of Watercontrol Services, including any and all decisions regarding the collection and disbursement of any payroll deductions required under the CBA, Trust Documents, or as authorized by the employees of Watercontrol. Accordingly, Defendants Edward Creedon and Francie Creedon have at all times herein acted as an employer as defined in  Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2), and in § 3(5) of ERISA, 29 U.S.C. § l002(5) and as fiduciaries as that term is defined in § 3(21)(A)(i) and (iii) and § 515 of  ERISA, 29 U.S.C. § l002(21)(A)(i) and (iii) and § 1145.

37.    Under ERISA, a fiduciary is required to "discharge his duties with respect to a Plan solely in the interest of the Participants and beneficiaries […] for the exclusive purpose of  […] providing benefits to [them]." 29 U.S.C. § 1104(a)(1).

38.    Because Defendants willfully and intentionally converted Trust Fund assets

contained within their personal accounts and the accounts of Watercontrol Services for purposes other than the  exclusive purpose of providing benefits to the Trust Fund Participants and beneficiaries,  Defendants have breached their fiduciary duty.

39.     Under ERISA, "any person who is a fiduciary with respect to the Plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is  personally liable "to make good to such Plan any losses to the Plan resulting from each such  breach, and to restore to the Plan any profits of such fiduciary which have been made through the  use of assets of the Plan by the fiduciary […]" 29 U.S.C. § 1109(a).

40.     Through their wrongful conduct, Defendants Edward Creedon and Francie Creedon are personally liable for the  amounts owed Plaintiffs, plus interest, liquidated damages, audit costs and attorney's fees owed the Funds as set forth herein.

## COUNT IV

### COMMON LAW CONVERSION AS AGAINST EDWARD CREEDON AND FRANCIE CREEDON IN THIER INDIVIDUAL AND CORPORATE CAPACITY

41.     Plaintiffs hereby incorporate by reference paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     At all relevant times herein, Defendants Edward Creedon and Francie Creedon exercised full control over the  assets of Defendant Watercontrol Services, including writing checks on the accounts of the Corporation and  otherwise controlling the distribution of the Corporation's liquid assets.

43.     By willfully failing and refusing to deliver the  contributions and deducted

payroll contributions to Plaintiffs in a timely manner in accord with the Collective Bargaining Agreement and Trust Documents of the Plaintiff Funds, thereby interfering with and depriving Plaintiffs of the possession and use of the contractually mandated payments and employee benefit contributions to which Plaintiffs were lawfully entitled, Edward Creedon and Francie Creedon have wrongfully converted these funds to their own use and/or the use of Defendant Watercontrol Services, without the consent of Plaintiffs and without any legal justification whatsoever.

WHEREFORE, based on the facts set forth above, BAC Local 1, the Local Funds and the International Funds request judgment as follows:

Defendants, Watercontrol Services, Edward Creedon and Francie Creedon are, jointly and severally, liable for the following amounts found that result from Watercontrol Services' failure to pay reported benefit payments due for work performed in the months of April 1, 2016 through September 30, 2016:

J.      For $112,501.09 in delinquent principal contributions to BAC Local 1, the Local Benefit Funds and the International Benefit Funds.

K.      For $12,197.70 in interest on the delinquent principal contributions to BAC Local 1, the Local Benefit Funds and the International Benefit Funds.

L.      For $12,642.04 in liquidated damages on the delinquent principal contributions to BAC Local 1, the Local Benefit Funds and the International Benefit Funds.

For a total amount of $139,941.16, plus interest and liquidated damages that continue to accrue, attorneys' fees and costs of suit, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATE: July 10, 2017              **O'DONOGHUE & O'DONOGHUE LLP**
                                Constitution Place, Suite 515
                                325 Chestnut Street
                                Philadelphia, PA  19106
                                Telephone: (215) 629-4970
                                Facsimile: (215) 629-4996
                                E-mail: RCurley@odonoghuelaw.com

                                By:     s/ Robert P. Curley
                                        Robert P. Curley
                                        Attorney I.D. No. 55760